# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**RONNIE RAY STRONG**                                                                 **PETITIONER**

**V.**                                            **CIVIL ACTION NO.: 3:17CV157-NBB-DAS**

**STATE OF MISSISSIPPI**                                                              **RESPONDENT**

## ORDER DISMISSING CASE

This matter comes before the Court, *sua sponte*, for consideration of the dismissal of this cause. Ronnie Ray Strong has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his guilty plea conviction and resulting sentence for strong armed robbery.

Strong has previously filed at least one other unsuccessful § 2254 petition challenging his strong armed robbery conviction and sentence. *See Strong v. Mississippi*, 2:12CV143-MPM-JMV. He has filed several subsequent petitions, each of which were transferred to the Fifth Circuit Court of Appeals for consideration of whether he could file a successive petition in this Court. The Fifth Circuit has, in each case, denied Strong permission to file a successive § 2254 application. *See Strong v. Smith*, 3:14CV178-GHD-JMV; *Strong v. Hood*, 3:15CV66-NBB-JMV; *Strong v. Mississippi*, 3:16CV113-DMB-RP.

The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Strong has not demonstrated that he has obtained authorization from the Fifth Circuit Court of Appeals to file this successive petition. In fact, on July 6, 2017, the appellate court denied Strong

permission to file a successive habeas petition, and it issued monetary sanctions against Strong due to his repetitive filings. Specifically, the Fifth Circuit determined that Strong "is BARRED from filing in this court or any court. . . any challenge to his strong armed robbery conviction and sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *See, e.g., Strong v. Hood*, 3:16CV113-DMB-RP (Doc. #12, Fifth Circuit Order).

As noted above, this Court cannot consider Strong's petition absent Fifth Circuit approval, and he has not obtained such approval. Because Strong has not presented this Court with any evidence that he has satisfied the sanction imposed by the Fifth Circuit, a transfer of this matter to the Fifth Circuit for consideration would be futile. Accordingly, the instant petition must be **DISMISSED**, and this case **CLOSED**. Any pending motions are **DISMISSED AS MOOT**. Additionally, for the reasons as set forth herein, a certificate of appealability from this decision is **DENIED**. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

**SO ORDERED** this 1st day of September, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**